1

2

3

4

5

6

7                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON

8   LINDA L. GRANT-FRAYER,        )
                                  ) No. CV-04-0283-CI
9             Plaintiff,          )
                                  ) ORDER GRANTING IN PART
10  v.                            ) PLAINTIFF'S MOTION FOR SUMMARY
                                  ) JUDGMENT AND REMANDING FOR
11  JO ANNE B. BARNHART,          ) ADDITIONAL PROCEEDINGS
    Commissioner of Social        ) PURSUANT TO SENTENCE FOUR OF
12  Security,                     ) 42 U.S.C. § 405(G)
                                  )
13            Defendant.          )
                                  )
14

15      BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.

16  Rec. 9, 12), submitted for disposition without oral argument on

17  April 2, 2005.   Attorney Maureen Rosette represents Plaintiff;

18  Special  Assistant  United  States  Attorney  L.  Jamala  Edwards

19  represents Defendant.   The parties have consented to proceed before

20  a  magistrate  judge.    (Ct.  Rec.  4.)    After  reviewing  the

21  administrative record and the briefs filed by the parties, the court

22  **GRANTS IN PART**  Plaintiff's Motion for Summary Judgment and **REMANDS**

23  for additional proceedings pursuant to sentence four of 42 U.S.C. §

24  405(g).

25      Plaintiff,  who  was  51-years-old  at  the  time  of  the

26  administrative  decision,  filed  applications  for  Social  Security

27  disability benefits and Supplemental Security Income benefits on

28

August 4, 1999, alleging onset as of November 30, 1996, due to degenerative disc disease and hepatitis C. (Tr. at 29.) Plaintiff completed the eleventh grade and never obtained a GED. She had past relevant work as a waitress and cashier. Following a denial of benefits and reconsideration, a hearing was held before ALJ Stanley Hogg (ALJ). The ALJ denied benefits on May 24, 2001. Three years later, review was denied by the Appeals Council. (Tr. at 22-24.) This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff met the disability insured requirements through the date of his decision.[1] She had not engaged in substantial gainful activity due to severe impairments including degenerative disc disease, but that impairment was not found to meet the Listings. The ALJ also concluded the hepatitis, headaches, fatigue and nausea were non-severe. (Tr. at 29.) The ALJ concluded Plaintiff's testimony was not fully credible and that she retained the residual capacity to perform light work. (Tr. at 33.) He concluded Plaintiff was able to perform her past relevant work as a cashier at a gas station, as she performed it at the sedentary level. Thus, there was no finding of disability.

## ISSUES

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff

---

[1]Administrative records indicate the date of last insured was December 31, 2001. (Tr. at 68.)

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 2

asserts the ALJ erred when he (1) improperly rejected the opinion of the treating physician and relied on the findings of the consulting physician, and (2) improperly rejected her testimony as not fully credible.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 3

acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

1.  <u>Treating Physician</u>

Plaintiff asserts the ALJ failed to properly reject the opinions of her treating physician, Dr. Charles White, who diagnosed degenerative disc disease that was treated conservatively for several years. Plaintiff further contends Dr. White made several objective findings in 1997, treated her every two to three months after that, and did an evaluation with consistent objective findings in August 2000. Moreover, Plaintiff asserts the ALJ failed to describe what weight, if any, he gave to Dr. White's opinions.

In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing"

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 4

reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605.   While a treating physician's uncontradicted medical opinion will not receive "controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96-2p, it can nonetheless be rejected only for "'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).   Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.  Here, Dr. White's opinion as to Plaintiff's residual functional capacity (disabled) is contradicted by the findings of the examining orthopedist, Dr. Scaduto, who concluded Plaintiff was able to perform medium work.   Thus, specific, legitimate reasons are necessary to reject Dr. White's opinion.

The ALJ, in his opinion, made the following observations and findings with respect to Dr. White's opinion:

> Dr. White issued a medical source statement dated August 4, 2000, stating the claimant is precluded from sitting, standing and walking for more than one hour with change in position every 15 minutes and should lift and carry no

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 5

more than five pounds occasionally. He also indicated the claimant should be limited to low stress in the workplace. The undersigned does not credit this conclusion of the claimant's limitations as the record shows Dr. White based this assessment on several treatments in 1997; however, he only treated the claimant one time in 1998, a few times in 1999 and only this one time in 2000. He saw her many times in 1996, however, there were no neurological findings. It appears that at most straight leg raising was negative, including neurology records and on most occasions there are no neurological deficits. Dr. White's own findings show normal motor sensory and reflexes, no weakness or atrophy, normal gait with minimal muscle spasm and tenderness. Dr. White's assessment seems to rely heavily on the claimant's "excruciating" pain, yet the claimant's information on the daily activities questionnaire and testimony at the hearing do not indicate such severe pain.

(Tr. at 30-31.)  These findings are specific and legitimate and supported by the medical record.

Medical records and clinical notes from Dr. White and his office are difficult to read; nonetheless, the court's review of those records establishes Plaintiff suffered from degenerative disc disease at L2-3, L3-4, and L4-5, confirmed by x-ray and MRI (Tr. at 127, 192, 209, 318), that she required twice daily doses of Vicodin continuing from 1996 through 2000 for relief from back pain (Tr. at 189, 238, 263, 301), and that her daily activities were limited. Additionally, in June 1999, Plaintiff was referred to a neurosurgeon who did not recommend surgery, but saw her for a six month time frame (January to August 1997) for continued conservative treatment. (Tr. at 114, 123.)

The ALJ relied, in part, on an examination and findings by orthopedist Anthony Scaduto, M.D., dated October 3, 1999. Plaintiff complained to him of low back pain for the past six years, but denied bowel or bladder incontinence, lower extremity weakness or

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 6

paresthesias. (Tr. at 201.) Plaintiff was able to rise easily from the examining table, walked without a limp or walking aids, and was able to heel and toe walk without problem. (Tr. at 203.) She had negative straight leg raising bilaterally with some reduced range of motion in flexion and extension. However, her right and left lateral bending was within normal limits as were all tests of her knees, hips, and ankles, sensation and reflexes. (Tr. at 204-205.) Dr. Scaduto concluded Plaintiff would be able to perform medium work, with infrequent bending, crouching, stooping and squatting. (Tr. at 207.) An examining physician's opinion based on independent clinical findings can constitute substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Three days after Dr. Scaduto's written assessment, an x-ray noted advanced spondylotic changes present at L4-5. (Tr. at 209.) These additional findings were noted in the residual functional capacity assessment completed on January 25, 2000, by a consulting physician who limited Plaintiff to light work with only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (Tr. at 225.) Findings may be based in part on the testimony of a non-treating, non-examining medical advisor, when consistent with other independent evidence in the record. *Morgan v. Apfel*, 169 F.3d 595, 602 (9th Cir. 1999). Here, the RFC was, in part, consistent with Dr. Scaduto's examination; to the extent it differed from Dr. Scaduto's assessment, the conclusion (as to light work rather than medium) was in Plaintiff's favor.

It was not until August 2000 that Dr. White concluded Plaintiff was disabled, based on his concurrent findings of

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 7

tenderness and muscle spasm on the right side, positive straight leg raising on the right side to thirty degrees, and radiation of pain to the right gluteal area.[2]  (Tr. at 234.) However, as noted by the ALJ, Dr. White treated Plaintiff very infrequently in 1999 (four appointments), and 2000 (two appointments).  (Tr. at 134, 136, 214, 215, 241, 247.)   Dr. White did not include examination findings related to Plaintiff's back condition at any of those appointments. Thus, the ALJ's reasons for rejecting Dr. White's assessment of disability were specific and legitimate and supported by the record.

2.  <u>Credibility</u>

Plaintiff asserts the ALJ did not reject her testimony with clear and convincing reasons supported by the record.  She further contends her limited daily activities were consistent with disability related to a back condition.  The ALJ made the following findings as to Plaintiff's credibility:

> The claimant testified that she can sit, stand and walk for 15 minutes; however, she reports she sits and watches TV about four hours a day, can watch a one-hour show, getting up during commercial breaks.  She stated she does dishes and takes out the trash, lifting no more than eight pounds.  She testified that she drives everyday to the library and spends time there reading cook books.  She drives for 20 minutes to visit her mother three times a week for three hours.  She testified when she is tired and

_____

[2]Plaintiff was also treated for hepatitis C, but the medical notes reflect no limitations noted by the treating physician with respect to this condition.  A liver biopsy / pathology report dated March 2000 indicated chronic viral hepatitis C with minimal portal inflammation without active interface or lobular hepatitis, consistent with inactive chronic viral hepatitis C.  (Tr. at 258.) Plaintiff refused interferon treatments.  (Tr. at 247.)

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G)  - 8

that she may nap in the afternoon about three times a week. She stated that she is unable to work eight hours a day and could not alternately sit and stand due to side effects of pain medication: drowsiness, dry mouth and nausea that has not been reported to treating physicians. She is able to shop for groceries once a week, can do light laundry and housekeeping. She enjoys watching videos, doing crossword puzzles and talking on the phone. She does not have sleep problems or trouble concentrating. At the hearing and on the daily activities report she stated that sometimes she just gets tired and stops working, while sometimes her back is hurting and she stops working. This raises the question of whether or not she has constant pain. The undersigned finds that the claimant's daily activities do not coincide with Dr. White's assessment dated August 4, 2000. There is no medical evidence to support such limitations and I find no basis for sitting, standing and walking limitations.

(Tr. at 31, references to exhibits omitted.)

In deciding whether to admit a claimant's subjective symptom testimony, the ALJ must engage in a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, see *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986), the claimant must produce objective medical evidence of underlying "impairment," and must show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Id.* at 1281-82. If this test is satisfied, and if there is no evidence of malingering, then the ALJ, under the second step, may reject the claimant's testimony about severity of symptoms with "specific findings stating clear and convincing reasons for doing so." *Id.* at 1284. The ALJ may consider the following factors when weighing the claimant's credibility: "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [his/her] testimony and [his/her] conduct, [claimant's] daily activities, [his/her] work record, and testimony from

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 9

physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). If a reason given by the ALJ is not supported by the evidence, the ALJ's decision may be supported under a harmless error standard. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990) (applying the harmless error standard); *Booz v. Sec'y of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (same). Here, there is no evidence of malingering; thus, the ALJ's reasons must be clear and convincing. Additionally, there is objective medical evidence to support both a back impairment and hepatitis C; thus, Plaintiff has satisfied the first prong *Smolen*.

Plaintiff contends the ALJ's list of her daily activities of watching television with frequent changes of position, visiting with family, doing light household chores, grocery shopping with her sister, driving short distances, and reading at the library, are not inconsistent with disability. If a claimant can spend a substantial part of the day engaged in the performance of physical activity which is transferable to a work setting, such a finding is sufficient to discredit allegations of disability. *See Morgan,* 169 F.3d at 599-600, citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Moreover, a claimant should not be penalized for attempting to maintain some sense of normalcy in her life. *Reddick v. Chater,* 157 F.3d 715, 723 (9th Cir. 1998); see also *Cohen v. Secretary of*

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) - 10

*Dept. of Health & Human Servs.*, 964 F.2d 524, 530 (6th Cir. 1992);
*Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.1987)(noting that a
disability claimant need not "vegetate in a dark room" to be deemed
eligible for benefits); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.
1989) ("[m]any home activities are not easily transferable to . . .
the more grueling environment of the workplace, where it might be
impossible to periodically rest or take medication"). Only if the
level of activity were inconsistent with the claimant's claimed
limitations would these activities have any bearing on credibility.
*Id.*

The daily activities enumerated by the ALJ (watching
television, working crossword puzzles, reading at the library, doing
simple household chores, grocery shopping, and driving short
distances) are not inconsistent with disability. Although the ALJ
found Plaintiff was able to sleep without difficulty, failed to
report nausea to her physician, had no problems concentrating, and
made inconsistent statements regarding her need to nap (due either
to fatigue or back pain), these reasons, by themselves, are not
sufficiently clear and convincing to reject her testimony. However,
this court is unable to credit her testimony as a matter of law in
light of the contrary medical findings by Dr. Scaduto, and evidence
of chronic narcotic pain medication (Vicodin, which produces side
effects, including narcotic dependence, nausea and sedation).
Additionally, the record indicates Plaintiff was providing care for
her mother to the extent she strained her back while moving her in
August 1999. (Tr. at 215.) Finally, Plaintiff's date of last
insured did not expire until December 31, 2001; thus, amendment of

the onset date may result in an award of benefits if supported by a more recent medical record.[3]  Accordingly,

**IT IS ORDERED**:

1.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 9)** is **GRANTED IN PART;** the matter is **REMANDED** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2.    Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 12)** is **DENIED.**

3.    Any application for attorney fees shall be filed by separate motion.

4.    The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Plaintiff.

DATED April 26, 2005.


                            S/ CYNTHIA IMBROGNO
                      UNITED STATES MAGISTRATE JUDGE

---

[3]If limited to sedentary work, Plaintiff would be disabled under the Grids as of August 2000; if limited to light work, she would not be disabled under the Grids.  20 C.F.R. Pt. 404, Subpt. P , App. 2, 201.12, 202.13.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G)  - 12